I.A.M. NATIONAL PENSION FUND BENEFIT PLAN A, and Alan W. Skolnick, Fund Director, Plaintiffs,

v.

ALLIED CORPORATION (formerly Allied Chemical Corporation), Defendant.

Civ. A. No. 82–1624.

United States District Court, District of Columbia.

Feb. 9, 1983.

As Amended Feb. 28, 1983.

---

Robert T. Osgood, Joseph P. Martocci, Jr., Washington, D.C., for plaintiffs.

A. Neal Barkus, Marianne Geeker, Hunton & Williams, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

Before the Magistrate upon reference from the Court (Penn, J.) is Allied Corporation's motion for an Order compelling discovery, filed December 20, 1982, accompanied by a memorandum in support thereof. Plaintiffs filed their opposition on January 12, 1983, and thereafter Allied filed a supplemental memorandum, also on January 12, 1983, and a second supplemental memorandum, on February 4, 1983, following oral argument before the Magistrate on January 31, 1983. The Magistrate has reviewed the entire court file and the authorities submitted by Allied with its second supplemental memorandum dealing with administering the provisions of the Multiemployer Pension Plan Amendments Act (MPPAA), amending the Employee Retirement Income Security Act (ERISA), and especially those provisions requiring arbitration prior to court proceedings. The Magistrate has also reviewed relevant judicial precedent. See, e.g. Peick v. Pension Benefit Guaranty Corporation, 539 F.Supp. 1025 (N.D.Ill.1982) and cases cited infra.

In this case the Magistrate observes that there is currently pending before an Arbitrator the question of timeliness of Allied's request for arbitration of the dispute between the Fund and Allied, the employer, as to its withdrawal liability and the amount thereof. At the hearing on January 31, 1983, the Magistrate inquired of counsel if the parties could promptly proceed with the arbitration of the timeliness issue under the Multiemployer Pension Plan Arbitration Rules, effective June 1, 1981, instead of waiting for the promulgation of rules by the Pension Benefit Guaranty Corporation (PBGC) and thus not delay the speedy, or at least expeditious, arbitration of the timeliness issue due to an administrative impasse with reference to issuance of regulations by the PBGC. Cf. Republic Industries v. Central Pennsylvania Teamsters Pension Fund, 534 F.Supp. 1340 (E.D.Pa. 1982); Herman Segall, Inc. and ILGWU Retirement Fund (Arbitration), 3 Employee Benefit Cases (BNA) 2449 (July 16, 1982) (Pillsbury, Charles A., Arbitrator). If counsel and the parties were to proceed to arbitration on the timeliness issue, and the arbitrator determined Allied's request had been timely, then arbitration on the merits as to withdrawal liability and the amount could proceed, in the forum preferred by the Congress in enacting the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381 et seq., signed by the President on September 26, 1980. Accordingly, counsel are directed to advise the Court at the status hearing now scheduled for February 14, 1983 whether arbitration proceedings will proceed promptly, and if so, of any motion counsel may deem appropriate with respect to a stay of these proceedings, or dismissal, without prejudice to a new suit after a decision by the arbitrator. If the plaintiffs were to agree to engage in substantive arbitration on the merits, it would appear that a dismissal now would be appropriate, without prejudice to either party filing a lawsuit later to review the arbitrator's award.[1] Cf. Republic Industries v. Central Pennsylvania Teamsters Pension Fund, supra.

Alternatively, if arbitration of the timeliness issue will not go forward promptly,

---

1. Counsel are directed to talk with their respective clients before February 14, 1983 to determine if they will both consent to arbitration on the merits so that they may advise the Court of their respective clients' position.

then further pretrial discovery shall proceed as hereinafter ordered. In determining the scope of discovery to be allowed, the Magistrate notes that it is relevant to consider that we are dealing with relatively new provisions of law and that there have been few precedents, either judicial or by arbitration, under the Multiemployer Pension Plan Amendments Act of 1980. The Magistrate further observes that where arbitration on the merits has occurred, "any party thereto may bring an action, no later than 30 days after issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2). Further, as observed by the Court in *Republic Industries v. Central Pennsylvania Teamsters Pension Fund, supra,* an arbitrator's award under MPPAA is accorded substantially less deference than an administrative agency decision which a court must uphold if supported by substantial evidence on the record as a whole. Under the statutory scheme of MPPAA, according to the court in *Republic Industries,* an award creates only a rebuttable presumption which may be upset by a "clear preponderance of the evidence." 29 U.S.C. § 1401(c). Thus, the court's review of the arbitrator's decision is relatively non-deferential, and it would appear that discovery in a court proceeding, since the court has to be sufficiently informed to decide whether to enforce, vacate or modify, should be allowed to determine the bases for making the withdrawal liability determination, the amount thereof, the actuarial assumptions and methods used in making the determination, and whether the Fund's actuary made any significant error in applying the actuarial assumptions or methods to the facts involved in the particular instance.

■ In this case plaintiffs have asserted that the employer, Allied Corporation, acted untimely in making a request for arbitration on the merits. Thus, if they are cor-

rect, then there would be no arbitration on the merits, and the court would be confronted with enforcing the liability and the amount thereof, as asserted by the plaintiffs, without access to the factual bases which would have been available from an arbitration record, unless discovery were allowed as to these issues. It is this Magistrate's view that a failure to make a timely request for arbitration should not operate as a waiver by the employer of its rights to use the Federal Rules of Civil Procedure to contest whether withdrawal liability exists,[2] and whether the amount the pension plan fund seeks is indeed the correct amount which the court should enforce. Implicit in the court's power to "enforce, vacate or modify" an arbitrator's award is the power to require discovery of the facts underlying the action the court is being requested to take, even in the absence of an arbitration award. If a court has the power to vacate or modify an arbitrator's award upholding a pension plan fund's claim, then *a fortiori* the court should have the power to review the facts on which a fund's claim is predicated, in the absence of an arbitration award, to determine if it will enforce the claim, as asserted, by the pension plan fund, or will decide, on the facts presented, that the claim must be adjusted before it is enforced in order to comply with the statutory provisions as to withdrawal liability and the amount thereof.

Finally, the Magistrate agrees with the position asserted by Allied that discovery is not to be limited solely to the legal theory asserted by the plaintiffs. If any plausible legal theory supports the relevance of the information sought, then discovery should be allowed to proceed. Furthermore, when dealing with a relatively new statute, with few judicial precedents, a judge or magistrate should lean in the direction of allowing a broader, rather than narrower, scope of discovery to avoid the possibility that at trial or on appellate review a judicial decision is made that a given legal theory, and evidence to support it, should have been

---

**2.** *See Speckman v. Barford Chevrolet Co.,* 535 F.Supp. 488 (E.D.Mo.1982) for an instance in which the court concluded that the facts did not support the Plan's assertion of withdrawal liability and granted the employer defendant's motion for summary judgment.

allowed and received, with the results that the case is remanded for further proceedings and discovery is reopened to develop facts relevant to the new issues.

Based on the foregoing considerations, it is the Magistrate's view that the plaintiffs should respond to those interrogatories dealing with the existence of withdrawal liability,[3] the amount of such liability, how it was computed, and the actuarial assumptions and methods utilized. Specifically, if by February 14, 1983 the parties have not agreed to proceed promptly to arbitration on the timeliness issue, then plaintiffs, within thirty (30) days thereof, to wit, no later than March 14, 1983, shall file supplemental answers to interrogatory numbers 3, 5, 19, 20, 25, 26, 28, 31 and 32. Further, the plaintiffs shall comply with the requests for production of documents, furnishing all documents and records not privileged, with respect to Requests numbers 4, 6, 7, 13 and 14. In all other respects defendant Allied's motion to compel is DENIED.

■ Allied's request for cost incurred by reason of the motion is also DENIED, as the Magistrate has declined to order discovery with respect to a significant number of the interrogatories and requests for production of documents at issue, specifically interrogatory numbers 2, 11, 13, 14 and 27, and requests for production numbers 1, 2, 3, 5 and 8. Further, Allied has withdrawn its motion to compel answers to interrogatory numbers 8, 9 and 10.

Finally, before the Magistrate upon referral from the Court, is Allied's motion filed February 4, 1983 for an Order extending the time for discovery to be conducted in this case from February 11, 1983 to April 12, 1983. Allied's counsel has represented that plaintiffs do not oppose an extension of the discovery period. Further, defendant Allied has urged that it should be accorded "additional time to discover relevant

information ... [to] assist the Court in dealing with issues of fact and law under complicated new legislation, many of which are issues of first impression." For this reason, and based on the additional discovery being ordered pursuant to Allied's motion to compel, the discovery deadline is hereby extended to April 12, 1983. All discovery is to be completed by that date. IT IS SO ORDERED.

---

**3.** It is significant to note that one court has observed that withdrawal liability may not exist when an employer ceases covered operations "as a result of a bona fide, arm's length sale of assets to an unrelated party, if the latter entity is itself obligated to contribute to the plan in such amounts that the plan's contribu-

tion base substantially retains its pre-sale health." *Peick v. Pension Benefit Guaranty Corp.*, 539 F.Supp. at 1051. Thus, discovery directed to a successor's contributions would appear to be most relevant to the question of the existence of withdrawal liability *vel non*.